# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN MANUEL LANDEROS-VILLA,<br><br>    Defendant. | Case No. 1:09-cr-00258-BLW<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Jail Time Credit (Dkt. 31) requesting the Court to calculate his credit for time served prior to sentencing and to order officials at FCI Pekin in Illinois where he is currently incarcerated to recalculate his sentence.

Defendant was sentenced by this Court on August 2, 2010 to a term of imprisonment of 46 months to run concurrently with the sentences imposed in Case No. CR-2004-018586-C, Canyon County, Idaho, and Case No. CR-2009-33775-C, Canyon County, Idaho. *Judgment*, Dkt. 28. Defendant states that he was arrested on October 20, 2009, "picked up" by U.S. Marshals from state prison in March of 2010, and sentenced on August 2, 2010. He is unsure of the amount of time with which he should be credited but apparently believes he is entitled to at least some credit for time spent in state custody prior to his sentencing.

**ORDER - 1**

While being prosecuted on his federal charge of illegal reentry, Defendant was in state custody serving time on the sentences in the two state cases referred to above. A review of the docket indicates that a warrant for his arrest was issued on November 10, 2009; he was arraigned on the federal charge on March 31, 2010; and, as stated above, he was sentenced on August 2, 2010. Defendant waived his right to remain in federal custody prior to trial in federal court choosing to return to state custody to serve his sentence of imprisonment. *Waiver*, Dkt. 12. It is unclear from the docket whether he was still in state custody at the time of sentencing.

A defendant is entitled by statute to credit for any time spent in pre-sentence official detention as a result of (1) the offense for which the sentence was imposed, or (2) any other charge for which defendant was arrested after the commission of the offense for which the sentence was imposed *that has not been credited against another sentence*. 18 U.S.C. § 3585(b) (emphasis added).

Under § 3585(b), any time Defendant served in state custody prior to imposition of the federal sentence cannot be counted towards the federal sentence. In other words, his time spent in state custody was being credited to another sentence (the state sentence) and cannot be counted towards the federal sentence.

The Court cannot order FCI Pekin to grant him credit for time served. It is the responsibility of the Bureau of Prisons rather than the district court to calculate credit for time served. *See United States v. Wilson*, 503 U.S. 329, 333 (1992).

If Defendant wishes to challenge the Bureau of Prisons' decision regarding credit

for time served, he must first exhaust his administrative remedies within the Bureau of Prisons. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); *Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991). He may then seek judicial review of any adverse decision by filing a habeas petition under 28 U.S.C. § 2241. *Id*. "Generally, . . . petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In other words, if Defendant exhausts his administrative remedies within the Bureau of Prisons and fails to obtain relief, he may file a § 2241 petition in the district in which he is incarcerated – the United States District Court in the Central District of Illinois – rather than in this Court. *Id*.

## ORDER

**IT IS ORDERED** that Defendant's Motion for Jail Time Credit (Dkt. 31) is **DENIED**.

DATED: **September 13, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER - 3